IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| NORMAN SHAW, JR., | : | CIVIL ACTION NO. 3:17-cv-0953 |
|---|---|---|
| Petitioner | : | (Judge Munley) |
| v. | : | |
| WARDEN BALTAZAR, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed on June 1, 2017, by Norman Shaw, Jr. ("Shaw"), a federal inmate confined at the United States Penitentiary at Canaan ("USP-Canaan"), Pennsylvania. Shaw seeks to proceed *in forma pauperis*. (Doc. 4). The Court has conducted preliminary review and, for the reasons set forth below, dismissal of the petition is warranted. See R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

### I.  Background

The following background is extracted from disposition of an appeal of the denial of Shaw's motion to correct restitution filed in the United States Court of Appeals for the Tenth Circuit:

> In 1996, Mr. Shaw robbed a bank in Alaska. He pleaded guilty and was sentenced to serve 41 months in prison, followed by supervised release for three years. He was ordered to pay restitution in the amount of

---

[1] **Error! Main Document Only.**Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 Cases R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

> $2,407. United States v. Shaw, No. A96–CR–32–JKS (D.Alaska), doc. 47 (amended judgment). On September 26, 2002, jurisdiction over his supervised release was transferred to the Western District of Missouri. Id., doc. 73.
>
> In July 2003, the District Court for the Western District of Missouri revoked Mr. Shaw's supervised release and sentenced him to seven months' incarceration. United States v. Shaw, No. 02–CR–00203–NKL–1 (W.Dist.Mo.), doc. 17. As part of its judgment, it again ordered him to pay the restitution of $2,407 due under his District of Alaska conviction. See id. No further term of supervised release was ordered. It appears that Mr. Shaw completed his sentence of incarceration on this conviction and was released. But he did not finish paying his restitution.
>
> In June 2005, Mr. Shaw robbed a bank in Kansas City, Kansas. This resulted in the filing of the current case, No. 05–CR–20073, in the District of Kansas. He pleaded guilty and was sentenced to a prison term of 165 months, to be followed by a term of supervised release of three years. He was also ordered to pay restitution of $700 to Bank Midwest, the victim of his latest bank robbery. The prior restitution order from Alaska/Missouri was not made part of this judgment.
>
> Mr. Shaw later moved under 28 U.S.C. § 2255 to vacate the judgment in No. 05–CR–20073. After the district court denied his motion, he appealed. His appellate issues concerned his attorney's alleged failure to file a notice of appeal and had nothing specifically to do with restitution. This court denied him a certificate of appealability (COA), holding that the appeal fell within the scope of his appeal waiver. United States v. Shaw, 292 Fed.Appx. 728, 730–31 (10th Cir.2008).

United States v. Shaw, 508 F. App'x 769, 770 (10th Cir. 2013). The Tenth Circuit determined that the district court lacked jurisdiction over the motion for restitution and remanded with instructions that the district court dismiss the motion. (Id. at 773).

According to his petition, Shaw sought relief *via* 28 U.S.C. § 2255, in November 2007. (Doc. 1, p. 4). On December 29, 2015, he sought permission to file a second or successive § 2255 petition with the Tenth Circuit, which was granted on May 6, 2016.

2

(*Id.*) Shaw then filed a second or successive 28 U.S.C. § 2255 motion on or about June 20, 2016, in the United States District Court for the District of Kansas claiming that the residual clause of the Armed Career Offender is void, vague and unconstitutional under Johnson v. U.S. , 135 S.Ct. 2551 (2015). United States v. Shaw, No. CR 05-20073-CM, 2017 WL 2191345, at *1 (D. Kan. May 17, 2017). The motion was denied. Id. He sought reconsideration of the denial. On May 17, 2017, the sentencing court construed the motion for reconsideration as a second or successive petition. Id. The sentencing court recognized that the Supreme Court held in Beckles v. United States, 137 S. Ct. 886, 890 (2017), that the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause, and dismissed the matter without prejudice to Shaw's right to seek proper authorization in the United States Court of Appeals for the Tenth Circuit Court to file a second or successive petition. Id. at 2.

It appears that, rather than seeking relief in the Tenth Circuit, Shaw filed the present § 2241 petition in this court. In citing Johnson v. U.S.A., 135 S.Ct. 2551 (2015), Shaw again argues that "[t]he Residual Clause in the definition of 'violent felony' under the Armed Career Criminal Act is unconstitutionally vague." (Doc. 1, p. 6). He also challenges his "Base Score of his Custody Classification" as unconstitutional. (*Id.* at 7). He cites to Johnson and case law emanating from the United States Court of Appeals for the Tenth Circuit. (Id.) He is seeking elimination of the "unconstitutional force claim and residual clause from [his] current sentence which was enhanced by the District of

3

Kansas by the now void, vague ACCA residual clause. . .", and a correction of his custody classification. (Doc.1, p. 8).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, as is the case here, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.). Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52.

Shaw's first § 2255 motion was denied on the merits and the sentencing court construed his motion for reconsideration of that denial as a second or successive petition and dismissed it without prejudice to seek authorization to file a second § 2255 petition in the United States Court of Appeals for the Tenth Circuit. Shaw, 2017 WL 2191345, at *1. Rather than pursue that avenue of relief, Shaw filed the instant § 2241 petition to challenge the legality of his conviction and sentence.

Shaw cannot demonstrate that a § 2255 motion is "inadequate or ineffective"—and that resort to § 2241 is therefore available—simply because he has been denied relief by the sentencing court. See Cradle, 290 F.3d at 539. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Shaw fails to demonstrate that he falls within the Dorsainvil exception. If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

To the extent that Shaw challenges his custody classification, such a claim is not properly brought in a habeas petition. A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his

5

detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).

"Conversely, when the challenge is to a condition of confinement such that a finding in [Petitioner's] favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." Leamer, 288 F.3d at 542. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Shaw's second ground for relief plainly involves conditions of confinement in that he contends that his enhanced based criminal history point score impacts his custody classification. A challenge to custody classification does not lie at the "core of habeas" in that it does not challenge the fact or length of a sentence or confinement and, therefore, is not cognizable in a § 2241 petition. See Preiser, 411 U.S. at 500; see Leamer, 288 F.3d at 542-44. Moreover, prisoners have no constitutional right to a particular classification. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Consequently, this claim will be dismissed without prejudice to any right Shaw may have to reassert his claim in a properly filed civil rights complaint.

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**